**ALICIA LEDUC MONTGOMERY, OSB 173963**
Email: alicia@leducmontgomery.com
**LEDUC MONTGOMERY LLC**
2210 W Main Street, Suite 107 #328
Battle Ground, Washington 98604
Telephone: (704) 702-6934
www.leducmontgomery.com

**ETHAN LEVI, OSB 994255**
Email: ethan@lmhlegal.com
**LEVI MERRITHEW HORST PC**
610 SW Alder St, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
www.lmhlegal.com

Attorneys for Plaintiff Sharon Johnston-Corson

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **SHARON JOHNSTON-CORSON**, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>**CITY OF GOLD BEACH**, a municipal government entity, and **KENNETH MOORE,** in his individual capacity,<br><br>    Defendants. | Case No. 1:25-cv-01258-CL<br><br>**SECOND AMENDED COMPLAINT**<br><br>Violations of 42 U.S.C. § 1983 – Fourth Amendment Excessive Use of Force, Battery, Negligence Per Se, Negligence<br><br>**DEMAND FOR JURY TRIAL** |

1.      During a routine traffic stop for a minor violation, Defendant Officer Kenneth

Moore shot Plaintiff Sharon Johnston-Corson twice in the back at point-blank range while she was

seated in her car crying and unarmed. The stop involved no threat of violence and could have been

PAGE 1 – **SECOND AMENDED COMPLAINT**

resolved safely, but Defendant Moore escalated it without justification, violated department policy, ignored training, and used deadly physical force where none was warranted. Ms. Johnston-Corson was severely injured, airlifted to OHSU, and hospitalized. She now brings this civil action against Defendant Moore and the City of Gold Beach.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, and 1343(a)(3).

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon law because the state claims arise from the same nucleus of operative facts as the federal claims.

## VENUE

4. Venue is proper in the District of Oregon because the events giving rise to the claims occurred in this district, and on information and belief, all Defendants reside in or have a principal place of business in this district.  28 U.S.C. §1391(b).

5. Venue is proper in the Medford District of the District of Oregon because the events giving rise to the claims occurred in Gold Beach which is located in the Medford District.

## TORT CLAIM NOTICE

6. Ms. Johnston-Corson sent a tort claim notice to the City of Gold Beach on February 22, 2024 and the City acknowledged receipt of the notice on February 28, 2024.

## PARTIES

7. Plaintiff Sharon Johnston-Corson is an adult woman who, at all times relevant, was a resident of Curry County, Oregon. Ms. Johnston-Corson seeks compensatory, noneconomic, and

PAGE 2 – **SECOND AMENDED COMPLAINT**

punitive damages, as well as reasonable attorney fees and costs and fees associated with bringing this suit.

8. Defendant City of Gold Beach is a municipal corporation organized and existing under the laws of the State of Oregon, with its principal place of business located at 29592 Ellensburg Avenue in Gold Beach, Curry County, Oregon. At all relevant times, Defendant City of Gold Beach employed Defendant Kenneth Moore who worked at the Gold Beach Police Department.

9. Defendant Kenneth Moore is an individual who, at all times relevant, worked as an Officer for the Gold Beach Police Department. On information and belief, Defendant Moore resides in Curry County, Oregon. He is sued in his individual capacity.

## FACTUAL ALLEGATIONS

### A. Defendant Moore recognized Ms. Johnston-Corson When He Pulled Her Over for a Minor Traffic Violation

10. On the evening of January 12, 2024, Defendant Gold Beach Police Officer Kenneth Moore was on duty in Gold Beach. He was equipped with a gun, a taser and a radio. He was, however, not wearing his department-issued body camera and his vehicle dash cam was not operating.

11. At approximately 5:29 PM, he initiated a traffic stop of Ms. Johnston-Corson's Subaru because it did not display license plates, a Class D traffic violation under ORS 803.540.

12. Defendant Moore immediately recognized Ms. Johnston-Corson from a prior arrest for driving under the influence of inxoticants (DUII). He believed her license was still suspended.

13. While standing next to the vehicle, Defendant Moore reported detecting the odor of alcohol coming from inside the car.

PAGE 3 – **SECOND AMENDED COMPLAINT**

14. After informing Ms. Johnston-Corson that the stop was due to the missing plates, Defendant Moore contacted dispatch to run her license. At approximately 5:13 PM, dispatch confirmed that her license was suspended under ORS 813.010(4), a Class A misdemeanor. Driving with a suspension based on that statute is a Class A misdemeanor under ORS 811.182.

15. At approximately 5:35 PM, Defendant Moore radioed for backup in preparation to arrest Ms. Johnston-Corson for the misdemeanor offense. He then instructed her to exit the vehicle. Ms. Johnston-Corson, did not immediately comply and remained seated in the parked vehicle. She was visibly distraught and crying.

16. Despite requesting assistance on his radio, and faced with a distraught Ms. Johnston-Corson, Defendant Moore did not wait for backup to arrive. Instead, he opened the front driver's side door, told Ms. Johnston-Corson she was under arrest. Her distress intensified and she told Defendant Moore she was scared if she went to jail she would die. She referred to recent incidents in which women died while in custody at the Gold Beach jail.[1]

17. Without providing additional time or warning to Ms. Johnston-Corson and without backup, Defendant Moore forced himself inside her vehicle, pressing himself on top of Ms. Johnston-Corson, and grabbed her right arm with his left hand. Ms. Johnston-Corson was terrified. As she remained seated, crying, Defendant Moore yelled at her to "stop resisting".

18. Upon information and belief, based on witness statements, Defendant Moore also yelled at Ms. Johnston-Corson, "to not get out of the car," in contradiction to his earlier statement.

---

[1] *Sheriff: 34-year-old Gold Beach woman found dead in Curry County holding cell*, KMTR 16 (Aug. 22, 2022), https://nbc16.com/newsletter-daily/sheriff-34-year-old-gold-beach-woman-found-dead-in-curry-county-holding-cell; *Woman dies while in custody*, KOBI 5 (Nov 8, 2017), https://kobi5.com/news/woman-dies-custody-64523/.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604

19. At some point the car began slowly rolling forward down Caughell Street which is on a downhill slope.

20. Defendant Moore remained with his torso and left arm inside the cabin, with his feet on the ground and the driver-side door fully open. Ms. Johnston-Corson, whose right arm was restrained and whose movement was limited by Defendant Moore's body weight, could not easily control the vehicle or see the road ahead.

21. Rather than exit the vehicle, release Ms. Johnston-Corson's arm, or take any steps to make the unfolding situation safer for either party, Defendant Moore chose instead to use deadly force against Ms. Johnston-Corson.

22. With his upper body and left arm still inside the moving vehicle and on top of Ms. Johnston-Corson, Defendant Moore ignored his available taser and instead drew his gun from the holster on his right hip.

23. At that time, Defendant Moore had decided to shoot Ms. Johnston-Corson if she didn't stop the car from rolling. Defendant Moore made this decision with the uncertain hope that shooting her would cause the situation to somehow improve.

24. At approximately 5:36 PM, less than one minute after radioing for back up to assist with the arrest, without a thought that his plan might make things worse, and without properly descalating Ms. Johnston-Corson per ORS 161.242, Defendant Moore put the barrel of his gun on Ms. Johnston-Corson's left shoulder and told her to stop or else he would shoot her. Without waiting for a response to his demand or giving her an opportunity to comply, he immediately fired a shot into her shoulder.

PAGE 5 – **SECOND AMENDED COMPLAINT**

25. Directly after the first shot, Defendant Moore shot Ms. Johnston-Corson a *second* time, this time without any warning and without making any effort to de-escalate the situation as required by law.

26. Defendant Moore's own words reflect an acknowledgment that he contemplated deadly force and understood its consequences, yet still placed the loaded gun against Ms. Johnston-Corson's body and fired, twice.

27. In his written statement, Defendant Moore admitted:

***"I knew that shooting her in the head was the best way to disable her immediately, but I did not want to kill her, I just wanted her to stop, so I put the gun to the back of her left shoulder area and again told her to stop the car or I would shoot her."***

**B. Defendant Moore Violated Multiple Gold Beach Police Department Policies During the Traffic Stop**

28. Defendant Moore failed to wear his body camera during the traffic stop, in direct violation of Gold Beach Police Department policy.

29. The dash camera in Defendant Moore's patrol vehicle did not record extended footage due to insufficient memory, again in violation of Department policy.

30. As a result, the traffic stop and shooting incident was undocumented by any official police recording, in direct contradiction of Department transparency standards.

**C. Defendant Moore Continued to Violate Policy and Compound Mistakes After Shooting Ms. Johnston-Corson Twice**

31. The vehicle came to a stop shortly thereafter.

32. At 5:36 PM, a civilian witness called 911 to report that Defendant Moore had forcibly pulled Ms. Johnston-Corson from her vehicle.

PAGE 6 – **SECOND AMENDED COMPLAINT**

33.     Defendant Moore dragged Ms. Johnston-Corson out of the vehicle.

34.     Gold Beach Police Department Policy §300.6 explicitly warns that individuals subjected to force "should not be placed on their stomachs for an extended period, as this could impair their ability to breathe."

35.     Despite this clear guidance, Defendant Moore forced Ms. Johnston-Corson face-down on the ground, and handcuffed her.

36.     Ms. Johnston-Corson had just suffered two bullets being shot through her shoulder and was severly wounded. Medical records show that at least one of the shots had caused a pulmonary contusion and fragments of the bullet lodged insider her left lung, a life threatening condition. While restrained on the ground,Ms. Johnston-Corson repeatedly pleaded that she was having difficulty breathing.

37.     Despite Ms. Johnston-Corson's obvious life-threatening injuries and statements that she was having difficulty breathing, Defendant Moore held her in a prone position while she was visibly experiencing a medical emergency.

38.     Defendant Moore then attempted to call for assistance, but his police radio was tuned to the "Med Net" frequency, used for hospital-to-ambulance communications, instead of the law enforcement frequency used for law enforcement communications. When his radio use thus failed, he yelled at a civilian bystander and asked him to call 911 for help. This critical error by Defendant Moore delayed emergency aid and further endangered Ms. Johnston-Corson's life.

39.     Defendant Moore's violations were not isolated errors but part of a continuous course of avoidable action that needlessly escalated a routine traffic stop for a non-violent mismeanor into a a life-threatening medical emergency in which an unarmed civilian was shot twice inside her car.

PAGE 7 – **SECOND AMENDED COMPLAINT**

40. Upon information and belief, before this shooting occurred the City of Gold Beach had a custom of failing to train its officers about its internal policies including the proper use of force, when force is justified, and how to mitigate the risks of injury and death after officer-involved shootings.

41. Upon information and belief, at all relevant times, the City of Gold Beach had a custom of failing to properly supervise its officers working in the field to ensure they follow policy, procedure, protocol and practices to ensure citizens' rights are not violated.

42. Upon information and belief, before this shooting occurred, the City of Gold Beach had a custom or practice of failing to review police officer actions to correct or discipline policy violations or bad practices to ensure civilians' rights are not violated.

43. These failures to train, supervise, discipline and review the actions of its officers constituted an official practice of the Gold Beach Police Department thereby supporting, condoning and ratifying Officer Moore's extreme, excessive and brutal conduct. As such, the City of Gold Beach and its officials are liable for the ratification and support that caused Officer Moore to behave as he did and cause Ms. Johnston-Corson's injuries.

**FIRST CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 – Fourth Amendment – Excessive Force**
*(Against Defendant Moore, in his Individual Capacity)*

44. Plaintiff realleges all previous paragraphs.

45. At all relevant times, Defendant Moore was acting under color of state law and within the scope of his authority as a police officer for the City of Gold Beach.

PAGE 8 – **SECOND AMENDED COMPLAINT**

46. The Fourth Amendment to the United States Constitution guarantees individuals the right to be free from unreasonable searches and seizures, including the right to be free from excessive force during the course of an arrest or investigatory stop.

47. Defendant Moore violated Ms. Johnston-Corson's Fourth Amendment rights by using deadly force against her, twice shooting her in the shoulder at close range, during a traffic stop for a non-violent misdemeanor.

48. Defendant Moore's use of force was objectively unreasonable under the totality of the circumstances. Ms Johnston-Corson was unarmed, seated in a stopped or slowly moving vehicle, not posing an immediate threat to Defendant Moore or the public, and not fleeing with force or aggression.

49. The force used by Defendant Moore constituted deadly force, was grossly disproportionate to the level of threat presetened, constituted an unjustified escalation of force, and amounted to a constitutionally impermissible seizure of Ms. Johnston-Corson's person.

50. As a direct and proximate result of Defendant Moore's unconstitutional use of force, Ms. Johnston-Corson suffered serious physical injury, pain, emotional trauma, and mental anguish. She has incurred medical expenses and other financial losses as a result of her injuries.

51. Defendant Moore's actions were taken with reckless disregard for Ms. Johnston-Corson's constitutional rights and physical safety. His conduct was willful, wanton, and malicious, and justifies the imposition of punitive damages to deter similar future misconduct.

52. Ms. Johnston-Corson seeks compensatory damages for her physical, emotional, and economic injuries in an amount to be determined at trial.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604

53.     Ms. Johnston-Corson further seeks punitive damages in an amount to be fixed by a jury, in order to punish Defendant Moore and deter future unconstitutional conduct by law enforcement officers.

54.     Pursuant to 42 U.S.C. § 1988(b), Plaintiff seeks an award of reasonable attorney's fees and litigation costs incurred in bringing this action.

55.     Plaintiff seeks all costs, disbursements, and prevailing party fees as allowed by law.

### SECOND CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983 – Fourth Amendment – *Monell* Liability
### (Against Defendant City of Gold Beach)

56.     Plaintiff realleges all previous paragraphs.

57.     At all relevant times, the City of Gold Beach had longstanding customs and policies of failing to train, supervise, audit, and discipline its officers.

58.     When Defendant Moore shot Ms. Johnston Corson twice he did so without proper training, supervision and with impunity. He both did not know the policy, he was acting without supervision, and he knew he would suffer no consequence because The City of Gold Beach did not discipline its officers.

59.     The Gold Beach Police Department's policy and custom of failing to train, supervise and discipline Officer Moore caused him to shoot Ms. Johnston-Corson twice in the shoulder and seriously injure her.

60.     This policy became ever clearer thirteen months later, when on February 22, 2025, Officer Moore shot another civilian during a response to a disturbance on June Street in Gold Beach.

PAGE 10 – **SECOND AMENDED COMPLAINT**

61.     Similar to his shooting of Ms. Johnston-Corson, Officer Moore fired two shots in rapid succession. On information and belief, Defendant Moore has again returned to work as a Gold Beach Police Officer. On information and belief, City Officials again failed to impose meaningful discipline, corrective training, or monitoring.

62.     The City's failure to adopt, implement, and enforce adequate training, supervision, and auditing practices was the moving force behind the constitutional violations Plaintiff suffered. These failures by the City include, but are not limited to, failures to failure to adopt, implement, and enforce adequate training, supervision, and auditing practices regarding:

    a. De-escalation requirements consistent with ORS 161.242;

    b. Safe tactics for arrests in and around vehicles and prohibitions on unnecessarily shooting from or into vehicles;

    c. Critical-incident decision-making and time-distance-cover concepts; and

    d. Mandatory operation and auditing of body-worn and in-car cameras.

63.     Ms. Johnston-Corson seeks compensatory damages for her physical, emotional, and economic injuries in an amount to be determined at trial.

64.     Pursuant to 42 U.S.C. § 1988(b), Plaintiff seeks an award of reasonable attorney's fees and litigation costs incurred in bringing this action.

65.     Plaintiff seeks all costs, disbursements, and prevailing party fees as allowed by law.

## THIRD CLAIM FOR RELIEF

**Battery**
**(Against All Defendants)**

66.     Plaintiff realleges all previous paragraphs.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604

67. Under Oregon law, a battery occurs when a person intentionally causes harmful or offensive physical contact with another without lawful justification or consent.

68. Defendant Moore, while acting within the scope of his employment as a police officer for the City of Gold Beach, intentionally and without legal justification used physical force against Ms. Johnston-Corson by forcing his body into her vehicle, seizing her arm, and ultimately shooting her twice at close range.

69. Defendant Moore's use of physical force was harmful, offensive, and neither justified nor reasonable under the circumstances.

70. Defendant Moore's actions were intentional and undertaken with the knowledge that they would cause physical harm and severe distress to Ms. Johnston-Corson.

71. At all times relevant, Defendant Moore was acting within the course and scope of his employment as an officer of the Gold Beach Police Department.

72. Under the Oregon Tort Claims Act, Defendant City of Gold Beach is vicariously liable for the tortious conduct of its employee, Defendant Moore.

73. As a direct and proximate result of Defendant Moore's conduct, Ms. Johnston-Corson suffered serious bodily injury, pain, emotional trauma, and incurred medical and other expenses.

74. Defendant Moore's conduct was willful, wanton, and in reckless disregard of Ms. Johnston-Corson's rights and safety, entitling her to punitive damages under Oregon law.

75. Plaintiff seeks compensatory damages from both Defendants, and punitive damages against Defendant Moore, in an amount to be determined at trial.

76. Plaintiff seeks all costs, disbursements, and prevailing party fees as allowed by law.

PAGE 12 – **SECOND AMENDED COMPLAINT**

# FOURTH CLAIM FOR RELIEF

## Negligence Per Se – Wrongful Use of Deadly Force – Violation of ORS 161.242
## (Against All Defendants)

77. Plaintiff realleges all previous paragraphs.

78. Oregon law, ORS 161.242, expresses and defines the standard of care that police officers must comply with before using deadly physical force upon another person.

79. Under Oregon law, ORS 161.015, "deadly physical force" is physical force that under the circumstances in which it is used is readily capable of causing death or serious physical injury.

80. Under Oregon law, ORS 161.015, ORS 133.005, police officers are "peace officers."

81. Under Oregon law, ORS 161.242, a peace officer may may use deadly physical force upon another person only when it is objectively reasonable, under the totality of circumstances known to the officer, to believe that the person poses an imminent threat of death or serious physical injury to the officer or to a third person and the use of deadly physical force is necessary to: (a) make a lawful arrest when the peace officer has probable cause to believe the person has committed a violent felony; (b) defend the officer or a third person from the imminent threat of death or serious physical injury; or (c) prevent the escape from custody of the person when the peace officer has probable cause to believe the person has committed a violent felony.

82. Under Oregon law, ORS 161.242, prior to using deadly physical force upon another person, if the officer has a reasonable opportunity to do so, the officer shall consider alternatives such as verbal de-escalation, waiting, using other available resources and techniques if reasonable, safe and feasible, or using a lesser degree of force; and give a verbal warning to the person that deadly physical force may be used and provide the person with a reasonable opportunity to comply.

PAGE 13 – **SECOND AMENDED COMPLAINT**

83. Defendant Moore used deadly physical force by firing two shots at close range into Ms. Johnston-Corson's shoulder while she was seated, unarmed, and trapped beneath his weight in a slowly moving or stationary vehicle.

84. Defendant Moore did not have probable cause to believe Plaintiff had committed a violent felony.

85. Ms. Johnston-Corson did not pose an imminent threat of death or serious physical injury to Defendant Moore or any other person at the time Defendant Moore used deadly force. She was seated, not armed, crying inside a vehicle that was not being accelerated or used as a weapon.

86. Defendant Moore had the reasonable opportunity to consider and use alternatives such as verbal de-escalation, waiting, using other available resources, using a lesser degree of force, and giving verbal warnings and provide Plaintiff a reasonable opportunity to comply prior to each use of deadly force. He did not do so.

87. Defendant Moore's use of deadly physical force was not legally justified under ORS 161.242 or any provision of Oregon law, and constituted a wrongful and unlawful use of deadly force.

88. Defendant Moore's failure to comply with ORS 161.242 breached the standard of care which amounts to negligence per se. Defendant Moore created a reasonably foreseeable risk that Plaintiff would be harmed and injured by his use of deadly physical force, and she was harmed by it.

89. At all relevant times, Defendant Moore was acting within the course and scope of his employment as a police officer for the City of Gold Beach.

90. Pursuant to ORS 30.265, the City of Gold Beach is vicariously liable for the negligent acts and omissions of its employee, Defendant Moore, committed within the scope of his employment.

PAGE 14 – **SECOND AMENDED COMPLAINT**

91.     As a direct and proximate result of the wrongful use of deadly physical force, Ms. Johnston-Corson suffered serious bodily injury, pain and suffering, emotional trauma, and incurred medical and other expenses.

92.     Plaintiff seeks compensatory damages from both Defendants in an amount to be determined at trial.

93.     Plaintiff seeks all costs, disbursements, and prevailing party fees as allowed by law.

## FIFTH CLAIM FOR RELIEF

### Negligence
### (Against All Defendants)

94.     Plaintiff realleges all previous paragraphs.

95.     Under Oregon law, every person has a duty to exercise reasonable care to avoid causing foreseeable harm to others.

96.     Defendant Moore owed a duty to Ms. Johnston-Corson to act with the degree of care that a reasonably prudent police officer would exercise under the same or similar circumstances, including during a traffic stop, detention, and potential arrest.

97.     Defendant Moore breached his duty by acting unreasonably and negligently in one or more of the following ways:

    a. Failing to wear his department-issued body camera and failing to ensure his patrol vehicle's dash camera was operational and had sufficient recording capacity, in violation of Gold Beach Police Department policy;

PAGE 15 – **SECOND AMENDED COMPLAINT**

b. Initiating a physical arrest of a distraught subject without waiting for backup, despite having already requested back-up, and despite policy and training requiring officer safety procedures in such situations;

c. By giving Ms. Johnston-Corson inconsistent commands, first for her to remain in the vehicle when he wanted to arrest her but then telling her not to get out of the vehicle;

d. By forcibly entering Ms. Johnston-Corson's vehicle to arrest her and without leaving himself a safe out;

e. By forcibly placing his body on top of Ms. Johnston-Corson and grabbing her, escalating what had been a non-violent misdemeanor traffic stop;

f. Failing to disengage or de-escalate when the vehicle began to roll, and instead choosing to draw and twice discharge his firearm while partially inside the car;

g. By failing to give Ms. Johnston-Corson commands that were physically possible such as, "stop the car;"

h. Failing to give Ms. Johnston-Corson appropriate time to react to his demands before using deadly force;

i. Unreasonably deciding to shoot Ms. Johnston-Corson twice instead of once;

j. Unreasonably deciding to shoot Ms. Johnston-Corson twice with a firearm instead of using his Taser;

k. Tuning his police radio to the incorrect frequency (the "Med Net" channel), preventing him from effectively requesting emergency assistance after the use of deadly physical force; and

PAGE 16 – **SECOND AMENDED COMPLAINT**

l. Using deadly physical force despite the absence of any immediate threat to himself or others posed by Plaintiff, and despite having non-lethal force options available, including a Taser on his person.

98. Defendant Moore's conduct fell below the standard of care expected of a reasonably trained law enforcement officer.

99. At all relevant times, Defendant Moore was acting within the course and scope of his employment as a police officer for the City of Gold Beach.

100. Pursuant to ORS 30.265, the City of Gold Beach is vicariously liable for the negligent acts and omissions of its employee, Defendant Moore.

101. As a direct and proximate and foreseeable result of Defendants' negligence, Ms. Johnston-Corson suffered serious bodily injury, pain and suffering, emotional trauma, and incurred medical and other expenses.

102. Plaintiff seeks compensatory damages from both Defendants, in an amount to be determined at trial.

103. Plaintiff seeks all costs, disbursements, and prevailing party fees as allowed by law.

## DEMAND FOR JURY TRIAL

104. Ms. Johnston-Corson demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sharon Johnston-Corson respectfully requests the following relief:

a. For a declaration Defendants violated her constitutional and statutory rights;

b. For judgment in favor of Plaintiff and against Defendants;

c. For general and compensatory damages in an amount according to proof;

PAGE 17 – **SECOND AMENDED COMPLAINT**

d.    For special damages in an amount according to proof;

e.    For punitive damages against Defendant Moore;

f.    For reasonable attorney fees and litigation costs incurred in bringing this case;

g.    For prevailing party fees and disbursements;

h.    For prejudgment and post-judgment interest as allowed by law; and

i.    For such other and further relief as this Court deems just, equitable, and appropriate.

DATED: February 4, 2026                         LEDUC MONGOMERY LLC

By: *s/ Alicia LeDuc Montgomery*
**Alicia LeDuc Montgomery, OSB #173963**
alicia@leducmontgomery.com
(704) 702-6934

**Ethan Levi, OSB #994255**
LEVI MERRITHEW HORST PC
ethan@lmhlegal.com
(971) 229-1241

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604